# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

HELMERICH & PAYNE
INTERNATIONAL DRILLING CO.,

    Plaintiff,

vs.

SCHLUMBERGER TECHNOLOGY
CORPORATION,

    Defendant.

Case No. 17-C V-358-GKF-FHM

## OPINION AND ORDER

Defendant Schlumberger Technology Corporation's (STC) Motion to Compel, [Dkt. 82], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 82, 84, 85], and is ripe for decision.

Omron Oilfield and Marine, Inc., a predecessor to STC, and Helmerich & Payne International Drilling Co. (H&P) entered into a licensing agreement whereby H&P was granted a perpetual license to use and modify the software that was the subject of the licensing agreement. The agreement contained the following non-solicitation provision:

> [H&P] and its Affiliates will not actively solicit any former (i.e., within two (2) years of their departure from [Omron] or its Affiliates) or current employee or individual contractor of [Omron] or its Affiliates or their predecessors for purposes of assisting [H&P] or its Affiliates in any manner in connection with developing hardware or software that competes with the Software or Licensor Hardware. Notwithstanding the foregoing, [H&P] and its Affiliates shall not be precluded from (i) hiring an employee who independently approaches them, or (ii) conducting general recruiting activities, such as participation in job fairs or publishing advertisements in publications or on Web sites for general circulation.

[Dkt. 84, pp. 1-2]. H&P hired two former employees of STC, Hopwood and Martin. STC notified H&P that it was partially revoking H&P's rights to modify and make derivative works

of the software because STC believed H&P was in violation of the non-solicitation provision of the licensing agreement. In this lawsuit H&P asserts that STC's revocation was a breach of contract and seeks a declaration that it is not in violation of the non-solicitation clause.

STC seeks broad discovery of "all documents and correspondence" regarding the following areas: Request for Production No. 11, Schlumberger's acquisition of Omron (the original party to the licensing agreement); Request for Production No. 14, the value of Omron and/or its relationship to H&P; Request for Production No. 21, plans by H&P to interface any motive technology with the Omron rig control system on its rigs. H&P objected to the foregoing as being overbroad, seeking documents not relevant to any claim or defense, and not being proportional to the needs of the case because the information is of low importance in resolving the issues, citing Fed.R.Civ.P. 26(b)(1). STC argues in the most general terms that the information sought is relevant. The court fails to see how the information requested in the foregoing requests is relevant to the matters at issue.

Request for Production No. 15 sought all documents and correspondence and communications regarding attracting, hiring, or contacting any Omron or Schlumberger employees from January 1, 2016 to the present. H&P produced responsive documents that refer to Hopwood and Martin. Request for Production No. 18 requested documents reflecting all performance objectives assigned to Sr. Vice President and Chief Engineer Robert Stauder from January 1, 2016 to the present. H&P responded that Robert Stauder did not have performance objectives related to the hiring of Hopwood, Martin, or any other Omron or STC employee. Request for Production No. 31 sought all documents and correspondence between H&P and current or former employees of Schlumberger not in

2

furtherance of the provision of a service or product.  H&P represents it has produced responsive documents for Hopwood and Martin regarding their employment or potential employment with H&P. H&P represents it has produced everything involving Hopwood and Martin and has nothing more responsive to the requests to produce.  The court finds that H&P's production is responsive to relevant matters sought in STC's requests and no further response is necessary.

In its reply STC argues that H&P did not identify what request the documents produced were responsive to and therefore it is difficult for STC to determine whether H&P's production is complete as to any particular request.  [Dkt. 85, p. 1].  Fed.R.Civ.P. 34(b)(2)(E)(i) requires that production be organized and labeled to correspond to the categories in the request.  However, the request that the court order that produced documents be labeled or organized is not made in the motion to compel, but made for the first time in the reply brief.  Therefore the request is not properly presented.  Any problems with matching the documents produced to particular requests should be addressed between counsel.

STC also states that the items produced from Executive Leadership Team (ELT) Tactical Meetings are so heavily redacted that the production is of little or no use.  STC requests an order compelling H&P to produce unredacted copies of the documents produced.  This request is denied.  H&P represents that Robert Stauder had all communications with Hopwood and Martin concerning their employment, made the decision to hire them, and all such communications have been produced. The needs of the case do not obviously require the production of ELT Tactical Meeting Notes and STC has

not explained how such information relates to the case under the terms of Fed.R.Civ.P. 26(b)(1). Therefore, nothing more is required of H&P.

The issue in this case is whether STC properly partially revoked the licensing agreement based upon H&P hiring STC former employees Hopwood and Martin. Discovery concerning the hiring of these former employees and their work for H&P is relevant and STC is entitled to full discovery in these areas. However, as set forth above, the discovery requests at issue in this motion are not relevant to the issues in the case.

Defendant Schlumberger Technology Corporation's (STC) Motion to Compel, [Dkt. 82], is DENIED.

SO ORDERED this 7th day of February, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE