# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

HELMERICH & PAYNE
INTERNATIONAL DRILLING CO.,

    Plaintiff,

vs.

SCHLUMBERGER TECHNOLOGY
CORPORATION,

    Defendant.

Case No. 17-C V-358-GKF-FHM

## **OPINION AND ORDER**

Plaintiff's Motion to Compel, [Dkt. 86], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, including a sur-reply brief, [Dkt. 86, 91, 92, 96], and is ripe for decision.

Plaintiff seeks an order compelling Schumberger Technology Corporation (Schumberger) to produce software source code for the Omron version of the rig control software that was in effect on June 16, 2017, all modifications to the software between June 1, 2016 and May 2, 2017, and the source code for the rig control software for Schumberger's so-called "rig of the future," all to be produced under the same restrictions that were imposed on Plaintiff's software production at the November 17, 2017 hearing. There is no question that the source code for the Omron software is relevant. Schlumberger has stated it would produce that information under the aforementioned conditions. [Dkt. 91, p. 1]. As far as this motion is concerned, the real dispute involves the source code for Schumberger's "rig of the future."

In addressing this issue it is helpful to once again state what this case is about. Omron Oilfield and Marine, Inc., a predecessor to STC, and Helmerich & Payne

International Drilling Co. (H&P) entered into a licensing agreement whereby H&P was granted a perpetual license to use and modify the software that was the subject of the licensing agreement. The agreement contained the following non-solicitation provision:

> [H&P] and its Affiliates will not actively solicit any former (i.e., within two (2) years of their departure from [Omron] or its Affiliates) or current employee or individual contractor of [Omron] or its Affiliates or their predecessors for purposes of assisting [H&P] or its Affiliates in any manner in connection with developing hardware or software that competes with the Software or Licensor Hardware. Notwithstanding the foregoing, [H&P] and its Affiliates shall not be precluded from (i) hiring an employee who independently approaches them, or (ii) conducting general recruiting activities, such as participation in job fairs or publishing advertisements in publications or on Web sites for general circulation.

[Dkt. 84, pp. 1-2]. H&P hired two former employees of STC, Hopwood and Martin. STC notified H&P that it was partially revoking H&P's rights to modify and make derivative works of the software because STC believed H&P was in violation of the non-solicitation provision of the licensing agreement. In this lawsuit H&P asserts that STC's revocation was a breach of contract and seeks a declaration that it is not in violation of the non-solicitation clause.

At various points in addressing discovery disputes each of the parties have taken the position that the software associated with Schumberger's "rig of the future" is not relevant. Both parties have also taken the position, or at least suggested, that the "rig of the future" software is relevant.[1] The court finds that the software for Schumberger's "rig of the future" was not addressed in the licensing agreement, the interpretation of which is

---

[1] Schlumberger has referenced the "rig of the future" in its motion to dismiss. [Dkt. 66, p. 2]. At the November 17, 2017, hearing Schlumberger's counsel suggested that the licencing agreement's prohibition against competition could involve Schlumberger's "rig of the future." [Dkt. 79, pp. 10-11].

the subject of this lawsuit.  As a result of that finding, and in view of the parties' various arguments that the "rig of the future" is not relevant to this case, the court finds that the "rig of the future" software is not an appropriate area for discovery.  Therefore the motion to compel is denied as to the "rig of the future" software.

Schlumberger should take note that the court's adoption of its emphatically asserted position asserted in opposition to the instant motion, which is that the "rig of the future" software is completely unrelated to the Omron rig control software and that the subject software agreement does not govern or address the "rig of the future" in any way, [Dkt. 91, pp. 1, 7; Dkt. 96, p. 3], will preclude Schlumberger from discussing "the rig of the future", introducing any evidence about it, and eliciting any testimony concerning it.  In other words, having prevailed in establishing that the "rig of the future" is not relevant to any claim or defense and having succeeded thereby in preventing Plaintiff's discovery of that software, Schlumberger cannot later advocate its relevance for its own purposes.

Plaintiff's Motion to Compel, [Dkt. 86], is GRANTED in part and DENIED in part as specified herein.

SO ORDERED this 28th day of March, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE